FOWLER and others, commissioners of highways of the town of Hyde Park, *vs.* WESTERVELT.

Upon an appeal to the county court from a judgment rendered in a justice's court, where the amount of the plaintiff's claim litigated in the latter court exceeds fifty dollars, the appellant being entitled to a new trial as a matter of right, there is no reason for requiring particularity in the statement of the grounds of appeal, in the notice of appeal.

Hence an allegation, in the notice, that the judgment is against law and evidence is, in such cases, a sufficient compliance with the requirement of section 353 of the code of procedure, that the grounds of appeal shall be stated in the notice of appeal.

Fowler *v.* Westervelt.

A nonsuit will not be granted in a county court, on appeal from a justice's court, on the grounds that the plaintiffs have sued as individuals and not as commissioners of highways; and that the complaint does not aver that they are commissioners. The objection should be made in the justice's court.

Where a complaint gives the names of the plaintiffs, in the title of the cause, with the description of them as "commissioners of highways," and in the body of the complaint it is averred that "the plaintiffs, commissioners of highways, complain," this sufficiently indicates the character in which they complain, and shows that the claim is made by them as officers, and not as individuals.

An overseer of highways has no right, without authority from the commissioners, to expend any part of the commutation money received from moneyed or stock corporations; the control over such moneys being given to the commissioners.

The money may be paid, in the first instance, to one of the commissioners. If it is paid to an overseer, he receives it for them, and it is his duty to pay it over to them. If he fails to do so they are entitled to sue for it, after demand made.

THIS action was commenced before Alfred Vandewater, a justice of the peace in the town of Hyde Park, Dutchess county. The plaintiffs were commissioners of highways of the town of Hyde Park, and the defendant was acting overseer of road district No. 28, of Hyde Park. In making their assessments of highway labor for the year 1862, the commissioners assessed the "H. R. R. road" for 273 days in district No. 28. This labor was commuted by the payment to the defendant of $170.62, all of which, with the exception of $55, had been expended by him on his district, before the commencement of this action, which was brought to recover the amount then remaining in his hands. The answer denied the allegations in the complaint and also pleaded a set-off, but no evidence was given to sustain the set-off, upon the trial. Upon the trial before the justice the defendant moved for a nonsuit, which was denied, and the jury rendered a verdict of "no cause of action," and judgment was entered in favor of the defendant for $4.18 costs, from which the plaintiffs appealed to the county court. On the trial before the county court the defendant moved to dismiss the appeal for want of jurisdiction, and also moved for a nonsuit at the close of the

testimony, which motion was renewed upon the whole case. Both motions were denied by the court and exceptions taken. The court also refused to charge the jury as requested by the defendant, to which exceptions were also taken. The jury found a verdict in favor of the plaintiffs of $55, and judgment was entered in their favor of 106.74, from which the defendant appealed to this court.

*J. S. Van Cleef*, for the appellant.

*J. F. Barnard*, for the respondents.

*By the Court*, SCRUGHAM, J. The amount of the claim of the plaintiffs litigated in the justice's court exceeded $50, and on appeal to the county court the appellant was entitled to a new trial as a matter of right, not dependent upon error in the proceedings in the justice's court. (*Laws of* 1862, *p.* 853, § 23.) He can only take his appeal by the notice prescribed by § 353 of the code of procedure, and it is necessary that he state therein the grounds upon which the appeal is founded; but as the appellate court, in such cases, cannot pass upon any questions suggested by the grounds of appeal, but must proceed to a new trial of the action, whether they can be sustained or not, there can be no reason for requiring particularity in their statement; and an allegation that the judgment was against law and evidence is therefore, on an appeal in such cases, a sufficient compliance with the requirement that the grounds of appeal shall be stated in the notice.

The motion for nonsuit in the county court on the grounds that the plaintiffs had sued as individuals and not as commissioners of highways, and that the complaint does not aver that the plaintiffs are commissioners, was properly denied. It was founded upon an alleged inaccuracy in the complaint, and the objection should have been made in the justice's court, where if necessary the complaint might have been amended. Applying the rules that pleadings in justices'

courts are to be liberally construed and are not required to be in any particular form, but are sufficiently definite if they are such as to enable a person of common understanding to know what is intended; it will be found that the complaint is not open to this objection.

The words "commissioners of highways" are affixed to the names of the plaintiffs in the title. It is true that this is merely "*descriptio personarum*," and following the authority of *Gould* v. *Glass,* (19 *Barb.* 179,) the complaint would be bad if it did not, in addition to this, contain an averment that the plaintiffs were commissioners of highways. In this complaint, however, the title gives the names of the plaintiffs, with this description of them as commissioners of highways, and in the body of the complaint it is averred that "the plaintiffs, commissioners of highways, complain." This sufficiently indicates the character in which they complain, and shows that the claim is made by them as officers, and not as individuals. The case is distinguished from that of *Gould* v. *Glass,* as there were no words in the body of the complaint in that case indicating that the plaintiffs sued in their official capacity.

The principal question presented on the appeal is as to the right of commissioners of highways to claim from an overseer, before his accounting at the end of the year, commutation money received by him from a corporation whose principal office is not situated in their town.

An overseer of highways has a right to apply and expend all commutation moneys received from individuals residing in his district in the improvement of the roads and bridges in that district; for the statute directs that it be expended there; but he has no right, without authority from the commissioners, to expend any part of the commutation money received from moneyed or stock corporations; for the commissioners are given control over such money, and may expend it in any district in the town. The law intends that they shall exercise their judgment and discretion as to its

application, and this could not be done if the overseer who receives it should be allowed to expend it in his district without authority from them.    It is to provide against this that the statute authorizes the commissioners to demand and receive it from any overseer to whom it may have been paid. (*Laws of* 1837, *ch.* 431, § 3.)

The money may be paid in the first instance to one of the commissioners ; if it is paid to an overseer he receives it for them, and it is his duty to pay it over to them.    Failing to perform this duty they are entitled to demand it, and the demand in this case we think was sufficiently proved.

It is said that the commissioners assessed the real estate belonging to the Hudson River Rail Road Company, lying in the district, as lands of non-residents ; and therefore that § 3, of ch. 431 of Laws of 1837 does not apply to the commutation moneys received from them, but that under 1 *R. S.* 509, § 35, it must be applied by the overseer to the improvement of the roads in his district.    Some force is given to this suggestion by the fact that the entry in the list made by the commissioners and by them delivered to the overseers is as follows : "H. R. R. Road 273."    It is conceded that the initial letters and the word "road" are to be read as the "Hudson River rail road."    This is not the legal name of the corporation, but it is one often employed to designate it ; and that it was used by the commissioners with that intention, rather than as a description of the land of the company, designing to assess it as the lands of non-residents, is apparent from the fact that it is not such a description of non-resident land as by law they are required to give.    (1 *R. S.* 506, §§ 22, 24.)    Moreover, it was the duty of the commissioners, in making the estimate and assessment of the residue of the highway labor to be performed in their town, after assessing at least one day's labor upon each male inhabitant above the age of twenty-one years, "to include among the inhabitants of such town, among whom such residue was to be apportioned, all moneyed or stock corporations which

appeared on the last assessment roll of their town to have been assessed therein;" and the Hudson River Rail Road Company was one of the corporations which so appeared.

The case decided in this district, (*The People ex rel. The Hudson River Rail Road Company* v. *Pierce*, 31 *Barb.* 138,) cited by the appellant as authority that the commissioners are to be guided in their assessment by the manner in which the assessors had made their assessment, is equally authoritative to the point that the commissioners must assess all moneyed and stock corporations, which they find assessed on the last assessment roll of the town, as inhabitants thereof, without regard to the place of their actual legal residence. It does not appear from the assessment roll that the lands of the Hudson River Rail Road Company were assessed as lands of non-residents. Such lands are to be assessed by description, and not in the name of the owner; and the quantity contained in each lot is to be stated; and although the assessment is not in all respects such as is required to be made of the land of residents, it more nearly resembles that than an assessment of non-resident lands.

Nothing can be presumed from the position of the assessment on the roll, for it is neither among the assessments of residents nor among those of non-residents, but follows both.

We find no error in the proceedings in the county court which will authorize a reversal of the judgment.

The judgment of the county court should be affirmed with costs.

[ORANGE GENERAL TERM, October 1, 1863. *Brown, Scrugham* and *Lott*, Justices.]