F. JAEGER, et al,

*vs.*

CHARLES HARTMAN.

It is not ground of demurrer that there is no allegation of partnership in the body of a complaint in the title of which plaintiffs are described as partners.

The original ownership of a bill is presumed to continue, nothing appearing to the contrary.

This action was brought in the District Court for Ramsey County, upon two accepted drafts or bills of exchange. In the title of the action the plaintiffs are described as partners, but there is no allegation of partnership in the body of the complaint, the bills being described as drawn by plaintiffs, and requiring defendant to pay to plaintiffs, &c. The complaint does not contain the usual allegation—that plaintiffs were still the owners and holders of the bills of exchange. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. A motion was made by plaintiffs to strike out the demurrer, as frivolous, and for judgment. The motion was granted, and judgment entered for plaintiffs. The defendant appeals to this Court.

John H. Brown for Appellant.

The Court below erred in granting the order striking out the demurrer as frivolous, because the complaint is defective and clearly demurrable in this :

That the plaintiffs sue *ostensibly* as partners, but the complaint contains no allegation of partnership.

This is alike material and traversable.

*Irvine et al, vs. Myers & Co.*, 4 *Minn. R.* 229, and authorities cited in appellant's brief; *Ib. page* 230. See also *Foerster et al, vs. Kirkpatrick*, 2 *Minn. R.* 210.

Moreover, the complaint is defective in not showing that the plaintiffs were the owners and holders of the *bill* at the time of the commencement of the action.

Again, the Court erred in ordering judgment for the plaintiffs, the defendant not having answered, and the plaintiffs not having *demanded any judgment whatever*.

The complaint should contain a demand of the relief to which the plaintiff supposes himself entitled.

*Gen. Stat., page* 459, *Sec.* 73 *Subdiv.* 3.

And where no answer is interposed, he is not entitled to any other relief than that so *demanded*.

*Stat., page* 485, *Sec.* 246.


OSCAR MALMROS for Respondents.


No allegation of partnership was necessary, the draft having been drawn by plaintiffs, and any statement as to partnership in the title of cause is a mere *descriptio personarum*.

The authorities cited by appellant have no application to this case.

No allegation of ownership of the bill was necessary, the presumption being that the plaintiffs continue to be the owners thereof until the contrary appears.

Absence of the prayer for relief is no ground for demurrer.

F. Jaeger, et al., v. Charles Hartman.

Where a complaint is defective in not containing a prayer for relief, it is such a defect as is immaterial under our statutes relative to mistakes and omissions, and can be rectified at any time, *nunc pro tunc*.

*By the Court*—Berry, J.—In the complaint in this case the plaintiffs are described in the title of the action as partners, but there is no allegation of partnership in the body of the complaint.

The defendant demurred below, claiming "that the plaintiffs sue *ostensibly* as partners; but the complaint contains no allegation of partnership," and that therefore the complaint fails to state facts constituting a cause of action. The Court below, upon the motion of the plaintiffs, ordered the demurrer stricken out as frivolous, and gave judgment for the moving party. From the judgment defendant appeals.

We are referred to *Foerster vs. Kirkpatrick*, 2 *Minn*. 210, in support of the demurrer. It is there said (though that is not the point on which the decision in that case is based) that "in the title of the cause the plaintiffs appear to have brought their action as partners, and to have sued the defendants as such, yet there is no allegation in the complaint that either plaintiffs or defendants were ever partners." The Court refer to this as a *defect* in the complaint, but do not hold that it is ground of demurrer. We are clear that the defect in this case, if it be substantial in any view, cannot be reached by demurrer. The rule appears to be that the addition of some character, as for instance, executor, assignee, commissioner, president, to the name of the plaintiff in the title of the complaint, is *descriptio personæ* only, and without something more, mere surplusage. *Gould vs. Glass*, 19 *Barb*, 179; 13

F. Jaeger, et al., v. Charles Hartman.

*Abb. Pr. R.* 352; *Fowler vs. Westervelt*, 40 *Barb.*, 374; See also 33 *Barb.*, 527, 537 ; *Merritt vs. Seaman*, 6 *N. Y.*, 168.

The same rule would appear to apply to the addition "partners, &c." Nothing appears in the complaint to show that the existence of a partnership was necessary to give validity to the causes of action alleged ; nor is it stated in the body of the complaint, that the plaintiffs took or held the bills of exchange as partners, or sue as partners. See *Loper & Davis vs. Welch*, 3 *Duer*, 644.

The defendant further insists that " the complaint is defective in not showing that the plaintiffs were the owners and holders of the bill at the time of the commencement of the action." It appears sufficiently that they were the original owners, and their ownership would be presumed to continue, nothing appearing to the contrary.

The defendant further urges that " the Court erred in ordering judgment for the plaintiffs, the defendant not having answered, and the plaintiffs not having demanded any judgment whatever." The complaint in the return contains a demand for judgment for a specified sum of money, and although it is suggested by the defendant's counsel that in the copy of complaint served upon the defendant the demand was omitted, there is nothing in the record which authorizes us to consider the point made upon such omission.

Judgment affirmed.