BERNARD SHULER, Appellant, *v.* GEORGE MEYERS et al., Trustees of School District No. 4., &c., Respondent.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

In an action against M. and others, " trustees of school district No. 4, &c.," the plaintiff alleged his performance of an agreement with " said trustees". to build a school-house, and their neglect to pay.—*Held*, that there could be no recovery against the trustees, as there was no averment that the defendants were trustees, nor that the plaintiff claimed to recover against them as such.

Nor is such a complaint sufficient without an averment that the trustees were authorized in proper form (Laws 1864, 1243, § 16, sub. 7; 1252, § 49, sub. 5) to make the contract.

An application at the trial to amend a complaint against individuals, as such, to one seeking a recovery against them as officers in a corporate capacity, is properly refused.

THIS is an appeal from a judgment of the County Court of Fulton county.

· The action was commenced in a Justices' Court in November, 1868, where the plaintiff complained " that the defendants agreed with this plaintiff, in the year 1867, to build a school-house in school district No. 4, in the town of Bleecker, for the above named trustees, and plaintiff claims that he has built said school-house according to the agreement made with said trustees, &c., and that said trustees have omitted, &c.," and where a judgment was recovered by the defendants against the plaintiff upon a counter claim for $100 damages, and $4.95 costs.

From that judgment the plaintiff appealed to the County Court, and claimed a new trial in that court, and in his notice of appeal, claimed that he was entitled to recover against the defendants as such trustees, &c.

In the County Court the plaintiff was nonsuited, on the opening of the plaintiff's counsel, showing a right of action against the defendants as trustees, &c., on the ground that the complaint was insufficient to entitle the plaintiff to recover against the defendants, as trustees in their official capacity.

The plaintiff moved to amend his complaint if the court deemed it defective, which motion was denied by the court, and the plaintiff excepted.

The plaintiff thereupon caused a case and exceptions to be made and settled, and moved in the County Court, that said nonsuit be set aside, and for a new trial, which motion was denied.

Judgment was entered upon said nonsuit for the costs of the County Court against the plaintiff, on the 2d day of August, 1870, and from that judgment and the order denying the motion for a new trial, the plaintiff appeals to this court.

*Wells & Dudley,* for the appellant.

*J. M. Carroll,* for the respondents.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   I think the court committed no error in granting the motion for a nonsuit.   The complaint in this action alleges an agreement to build a school-house for the trustees, according to an agreement made with said trustees, and that said trustees omitted and refused to pay. The plaintiff claimed in his opening to recover against the defendants as trustees.   I think that the complaint was insufficient to entitle the plaintiff to maintain the action.   1st. It contained no averment that the defendants were trustees nor that the plaintiff claimed to recover against them as such. The words "trustees, &c.," used in the title of the case, and the word "trustees," in the body of the complaint, are mere descriptions of the persons, and not averments that the defendants were sued or acted in that capacity.   (19 Barb., 179, 181, 182, 184; 2 Seld., 168, 171; 4 Seld., 472, 474; 22 Mass., 372.)   The case cited from 40 Barb., 374, is not in conflict with this doctrine.   That case holds, that the names of the plaintiffs in the title of the case, with the description of

Shuler *v.* Meyers.

them as " commissioners of highways," and an averment in the complaint " that the plaintiffs as commissioners of highways complain," indicate the character in which they complain, and show that the claim is made by them as officers, and not as individuals. There is no such averment in the case at bar, and nothing from which it may be inferred that the defendants were actually sued as trustees. 2d. The defendants as trustees had no authority to act or to build a school-house except by a vote of the inhabitants at a meeting of the district. (Sess. Laws of 1864, 1243, § 16, sub. 7; p. 1253, § 49, sub. 5.) As their powers were limited, the complaint should have averred that they were authorized, by a vote of the district or in proper form, to make the contract. As this allegation was omitted, it is manifest that the facts alleged do not show a cause of action against the defendants in their corporate capacity, but only against them as individuals. (10 How., 143, 144; 1 Pars. on Const., 105, 106.)

The application of the plaintiff to amend the complaint was addressed to the sound discretion of the court, and as there is no evidence that the court abused its discretion, I think that it is no ground for a reversal of the judgment, because the court denied the application. The proposed amendment would have changed entirely the nature of the action. If it had been granted, the complaint would have presented an action against the defendants as officers of the school district in their corporate capacity, instead of an action against them personally. This would have been entirely a different cause of action from the one tried before the justice, and to refuse such a sweeping application to amend was not error or an abuse of the discretion of the court. (54 Barb., 411, 414.) There was no error, and the judgment must be affirmed with costs.

Judgment affirmed.