BENJAMIN ANDREWS, APPELLANT, *v.* TIMOTHY LONG, RESPONDENT.

ELIZABETH N. ANDREWS, APPELLANT, *v.* TIMOTHY LONG, RESPONDENT.

*Order of county court, dismissing an appeal for defects in the notice, is appealable — Code of Civil Procedure, § 1342 — Notice of appeal from justices' court — when it sufficiently specifies the grounds thereof — a notice signed by an attorney, unless his authority is shown, is insufficient.*

An order of a county court dismissing an appeal from a justices' court, on the ground that the notice of appeal was defective, is appealable to the General Term, under section 1342 of the Code of Civil Procedure.

A notice of appeal by a plaintiff from a judgment of a justices' court, in favor of the defendant, stating that the judgment was rendered upon an issue of fact; that the claim in litigation was for more than fifty dollars, and that the judgment was rendered contrary to the evidence on the trial, sufficiently states the grounds of appeal.

*Amsdell* v. *McCaffrey* (16 Hun, 255), distinguished.

Where a notice of appeal from the judgment of a justices' court was signed, "John Andrews, plaintiff's attorney," and there was nothing in the case showing his authority to appear for the appellant, *held*, that it was insufficient.

APPEALS from orders of the County Court of Kings county, dismissing appeals from judgments of a justices' court on the ground that the notices of appeal were not signed by the appellant, and also because they did not sufficiently state the grounds thereof.

The notices of appeal, which were the same in each case, were in the following form :

"Please take notice, that Elizabeth N. Andrews, the plaintiff herein, appeals to the Kings County Court from the judgment of this court, entered herein on April 9, 1879, in favor of Timothy Long, the defendant, and for the sum of $5.87 costs, and from every part of said judgment, on the following grounds, viz.:

"I. That said judgment was rendered upon an issue of fact.

"II. That the claim in litigation herein was for more than fifty dollars.

" III. That said judgment was rendered contrary to· the evidence on said trial.

" Dated April 23, 1879.

Respectfully,

" JOHN ANDREWS,

"*Plaintiff's Attorney*, 44 *Court Street, Brooklyn.*

" To TIMOTHY LONG, *Defendant*, Hon. E. W. BLOOM, *Justice,* etc."

*Joseph S. Ridgway*, for the appellant.

*Thomas Vernon* and *George Hill,* for the respondent.

BARNARD, P. J. :

This appeal is properly brought. The county court dismissed the appeals brought from a court of a justice of the peace, upon the ground that the notice of appeal was not signed by the appellant, and because the grounds of the appeal were not sufficiently stated. By section 1342 of the Code of Civil Procedure, an appeal is provided from an order affecting a substantial right in an action brought in a court specified in section 1340. That section mentions a county court, but the claim is, that this order was not made in an action brought in a county court; we think, for the purposes of an appeal, the actions were brought in a county court by the appeals.

The notices of appeal specify that the judgment appealed from was rendered upon an issue of fact. That the claim litigated was over fifty dollars. " That the judgment rendered was contrary to the evidence on said trial." We think this is a sufficient statement of the grounds of appeal under section 353 of the Code, applicable to appeals from justices' judgments. We adhere to the decision of this court as pronounced in *Fowler* v. *Westervelt* (40 Barb., 374). The point was not presented in *Amsdell* v. *McCaffrey* (16 Hun, 255), whether the notice of appeal was sufficient when it stated that the judgment appealed from was against law and evidence. The notice of appeal, in that case, was entitled in the Second District Court, city of Brooklyn; it did not state the amount of the judgment. It did not state that the judgment

was rendered upon an issue of law or fact, and it was signed by one George E. King, as attorney for the appellant. The decision was proper, but the general words in the opinion, in respect to the statement of the grounds of appeal in the notice of appeal, were not applicable to the case presented. In the present case, the notice of appeal is far different in its statement from those in *Amsdell* v. *McCaffrey*. It states, a court and a judgment rendered upon an issue, and that the claim was for over fifty dollars. "That said judgment was rendered contrary to the evidence on said trial." To require a more particular statement of a ground for a new trial, which follows as matter of right, would apply an unnecessary strict rule to courts, which the Legislature have uniformly attempted to free from technical objections which do not affect the merits.

The notice of appeal is not signed by the appellant, but by " John Andrus, plaintiff's attorney."

In courts of justices of the peace there are no attorneys authorized to appear as such, without proof of their authority. There is no authority apparent in this case, which binds the appellant by the notice of appeal. In *Sperry* v. *Reynolds* (65 N. Y., 179), an attorney appeared for a defendant, in his absence and without proof of his authority so to appear, it was held that the justice of the peace obtained no jurisdiction of the defendant, and the court reversed the judgment upon a ground stated in the notice of appeal, "that the justice had no jurisdiction of the action, or of the person of the defendant."

The orders should be affirmed, upon the ground that the appellant has not served a notice of appeal, with costs and disbursements.

DYKMAN and PRATT, JJ., concurred.

Order dismissing appeals affirmed, with costs and disbursements.