## BISCHOFF & CO. v. BLEASE.

1. In action brought by A., B. and C., styling themselves in the title as A. &. Co., the complaint alleged that defendant had executed his notes to A. &. Co., and that plaintiffs were the owners and holders thereof, but it did not allege a partnership between A., B. and C. *Held*, on demurrer, that the complaint did not state facts sufficient to constitute a cause of action.

2. Where plaintiffs sue as partners, their right to sue as such depends upon the existence of a partnership, which therefore is an issuable fact, and must. be alleged in the body of the complaint.

3. The notes being payable to a partnership, only the members of the partnership can sue thereon; therefore, the existence of the partnership, and that plaintiffs are members thereof, are material and essential facts to the plaintiffs' cause of action.

4. The allegation that plaintiffs were the owners and holders of the notes sued on, did not show that they had the right to sue in the character of partners, as stated in the title of their complaint.

5. The demurrer to this complaint being sustained, plaintiffs should have leave to amend.

Before PRESSLEY, J., Newberry, February, 1882.

This was an action against H. H. Blease. The opinion states the pleadings and the exceptions. The order of the Circuit judge was as follows:

This is an action on three promissory notes. The complaint, in its caption sets out "Henry Bischoff, C. Wulbern and J. H. Pieper, trading under the name and style of Henry Bischoff & Co.," as the plaintiffs. Each allegation on the separate notes states that "defendant gave his promissory note in writing, whereby he promised to pay the plaintiffs, Henry Bischoff &. Co.," the sum stated. There is no statement whether they sue as partners under the name of "Bischoff & Co.," or only as joint owners of said notes, using the name of Bischoff & Co. in that particular transaction. Defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action.

My judgment is, that the complaint does allege that the persons named as plaintiffs in the caption are the Henry Bischoff &.

Co. to whom said notes were given, and to whom defendant promised payment of the amount of said notes. To maintain their action, it is not necessary that they allege or prove whether they are partners or only joint owners of said notes. Proof that the notes were given to them under that name by the defendant, would clearly entitle them to recover, and that proof would be clearly admissible under said allegations.

The demurrer is overruled, and plaintiffs have leave to enter judgment and issue execution for the amount of said notes, with interest and costs.

*Messrs. Jones & Mower,* for appellant.

Averment is necessary in the body of the complaint that plaintiffs are partners. 2 *Wait Pr.* 373; 58 *How. Pr.* 1. The complaint should state every fact which plaintiff must prove to enable him to maintain his suit, and which defendant has a right to contradict in his answer. 7 *N. Y.* 478; 10 *Id.* 363; 3 *Duer* 632; 9 *Barb.* 158; 20 *Barb.* 455. Allegation that plaintiff is owner and holder is surplusage. *Voorh. Code* (10th edit.) 163, *note f.;* 7 *Abb. Pr.* (*N. S.*) 146; 33 *Mo.* 364; 32 *Cal.* 569; 40 *Id.* 440. The defects here are substantial and are reached by this demurrer. 5 *N. Y.* 357; 22 *How. Pr.* 30; *Wait Anno. Code* 238. The defendant should have been allowed to answer.

*Messrs. Moorman & Schumpert,* contra.

The title of the cause is a part of the complaint, and the names of the plaintiffs should there be stated. *Code,* § 163. A copartnership as such cannot sue, but the members thereof may sue jointly; they do so, however, as individuals and in their individual names. 6 *S. C.* 173; 2 *Wait Pr.* 370. Therefore, the authority cited, 2 *Id.* 373, does not apply. Besides, the allegations, with the copies of the notes sued on, imply that plaintiffs are the owners and that the notes are due. *Code,* § 183; 2 *Wait Pr.* 315–327. But the notes being given to Bischoff & Co., testimony would be admissible to show that the notes were given to plaintiffs under the name of Bischoff & Co. 2 *Wait Pr.* 310, 333, 453. The facts stated could be put in

issue only by a denial in an answer. *Id.* 416. No motion was made for leave to answer, and such leave was within the discretion of the Circuit judge. *Id.* 455.

March 3d, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was upon three notes executed by the defendant to Henry Bischoff & Co. The complaint, in its caption or title, named Henry Bischoff, C. Wulbern and J. H. Peiper, trading under the name and style of Henry Bischoff & Co., as plaintiffs. In its body it stated as to each of those notes, that the defendant had made his promissory note in writing, whereby he promised to pay to the plaintiffs, Henry Bischoff & Co., or order, &c., the amount specified in each. It was also alleged, that said plaintiffs were now and ever had been, the legal owners and holders of said notes, copies of which were attached, and judgment was demanded for the amount of each, besides interest, costs and disbursements. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. This was overruled, and plaintiffs were granted judgment, with leave to issue execution. No motion seems to have been made by defendant for leave to answer.

The appeal raises two questions : First. Whether the demurrer should have been overruled. Second. Being overruled, whether the defendant should have been permitted to answer over. As to the first question, it is urged : 1. That if the plaintiffs sued as partners, the complaint is defective in the fact that a partnership is not alleged in the body of the complaint, and, consequently, no testimony could be offered as to that fact. 2. If they sued as individuals, and not as partners, that the complaint does not state facts showing title as individuals, as the notes in their terms are made payable to Henry Bischoff & Co., and not to the parties named. Upon these grounds it is contended that the demurrer should have been sustained.

The code requires that the names of the plaintiffs shall be set out in the title of an action, and when this is done, it is familiar law and practice that such name should not be repeated in the body of the complaint; because having once given the names

and styled themselves plaintiffs, all that is necessary afterwards, is simply to refer to themselves as plaintiffs. 2 *Wait Pr.* 370. This is so when the plaintiff sues in his individual capacity. When, however, he sues in a representative capacity, such as executor, administrator, guardian and the like, where his authority or right to sue arises only from his representative character, the statement in the title that he occupies such a position will not in itself be a sufficient statement, nor will it dispense with an allegation of that fact in the body of the complaint, because the right to the character in which the party sues in such case becomes one of the facts upon which his action depends, and, like the other material facts, it must be proved, and to authorize testimony thereto it must be alleged in the body of the complaint, as no testimony can be offered as to facts not thus alleged.

This is the doctrine laid down in 2 *Wait Pr.* 373, and in other writers on the code, the reasons for which are obvious when applied to parties suing in a representative capacity. The title informs the defendant of the character in which the plaintiff sues. If that character be any other than his natural and individual character, the facts by which he has become entitled to such character are issuable facts, and must be alleged in a formal way in the complaint; otherwise, it fails to state facts showing a right of action and would, therefore, be subject to demurrer. Now, the title in this case stated the names of the plaintiffs, and that they were partners trading under the name of Henry Bischoff & Co. These statements notified the defendant that the plaintiffs were suing as partners. But there is no allegation in the complaint that a partnership existed between these parties, and that, therefore, they were entitled to sue as partners, and if it was necessary that a partnership should have existed so as to entitle them to sue as such, (of which there can be no doubt,) then it was necessary that this fact should have been alleged in the body of the complaint; otherwise the defect would be fatal. It would then be like the case of an executor who styled himself as executor in the title and failed to allege his right to that character in the complaint, in such way as to give

the defendant an opportunity to demand proof thereof by denial or otherwise.

But was it indispensable in this case that a partnership should exist in order to enable the plaintiffs to sue in their names as styled in the title? There can be but little doubt of this. True, there is no difference between a contract made with individuals by name and a partnership by its name, so far as the obligation of the maker is concerned or the right to enforce is involved, but there is a difference between them as to the facts by which the plaintiffs become entitled to enforce. In the first case, the contract itself shows on its face with whom it is made and to whom it belongs, and, therefore, nothing is necessary in the complaint beyond the fact that it was made with the plaintiffs named in the title; but in the latter, the plaintiffs become entitled to sue, not because they are named in the contract, for they are not thus named, but because they are members of a firm which is named therein; and it is only on account of this fact that they can maintain the action. It is only through the partnership that they have any standing in court; hence the existence of the partnership and that the plaintiffs are members thereof, are material and essential facts to the plaintiffs' cause of action, and must be alleged and proved; otherwise, no cause of action is stated.

This distinction will, perhaps, be more clearly seen by again considering the distinction between suits by executors, administrators, receivers, and such like officials in their own right as individuals and those in their official and representative capacity. Where they sue as individuals, they need only state their names in the title as plaintiff and then in the body of the complaint make reference to themselves simply as plaintiff; but where they sue in their representative character and they are entitled to the action in that character only, the facts by which they have become clothed with such character must be alleged in an issuable form.

This case is distinguished from *Scranton* v. *Farmers and M. Bank*, 33 *Barb.* 527; *Smith* v. *Levinus*, 8 *N. Y.* 472, and *Fowler* v. *Westervelt*, 40 *Barb.* 374, in the fact that in those cases words were used in the complaint which in substance alleged the

character in which plaintiff sued, while in this case no such words are employed. This case is like *Gould* v. *Glass*, 19 *Barb.* 179, where the complaint was defective because there was nothing therein indicating that the action was brought by the plaintiff in the character represented in the title. In the title the words " commissioners of highways " were added to the names of the plaintiffs, but there was no averment in the complaint showing that the plaintiffs occupied such a position. So, in this case, in the title it appears that these plaintiffs sue as partners, but the complaint fails to allege a partnership and composed of the plaintiffs.

The allegation that the plaintiffs were the owners and holders did not cure the defect. This had reference to the character in which they were plaintiffs, as styled in the title, to wit, as partners, but still there was nothing in the complaint showing that they were entitled to assume that character.

According to strict rule, the demurrer should have been sustained, but we think, in such event, the plaintiffs should have leave to amend so as to incorporate the averments as to partnership in the body of the complaint, should they desire to do so. 2 *Wait Pr.* 455.

It is not necessary to discuss the second question, as the matter already considered disposes of the case.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and the case remanded, with leave to the plaintiffs to amend their complaint in accordance with the opinion herein.