# HAROLD BREDEMANN v. ANN BREDEMANN.

91 N. W. (2d) 84.

June 20, 1958—No. 37,300.

*Stanley J. Mosio,* for appellant.
*Gilbert J. Schlagel,* for respondent.

MAGNEY, COMMISSIONER.

Plaintiff appeals from an order opening up a default judgment in a divorce action.

On November 28, 1944, defendant was divorced from one Michael McGing. On December 15, 1944, she and Harold Bredemann, plaintiff herein, were married. On April 19, 1945, a daughter, Gail Frances,

was born to defendant. Plaintiff brought an action for divorce against defendant based on the ground of cruel and inhuman treatment. In the complaint, plaintiff alleged that the above-named child had been born to defendant during the marriage of the parties but that the child was not his. No answer was interposed, and on November 4, 1946, judgment was entered granting plaintiff a divorce. The findings of fact, conclusions of law, and the judgment are silent as to the paternity of the child. According to an affidavit by plaintiff's counsel, and not denied by defendant, a certified copy of the judgment was given defendant immediately after its entry.

In the fall of 1950 defendant caused a criminal complaint to be filed against plaintiff in the municipal court of the city of St. Paul charging plaintiff with failure to support the child, Gail Frances. The case came on for trial before one of the judges of said court on November 2, 1950. Plaintiff's defense to the charge was that he is not the father of the child. After a trial in which the sole question litigated was whether plaintiff was the father of the child, the court dismissed the action, in effect holding that plaintiff was not the father of the child.

On December 31, 1954, eight years after the judgment in the divorce action had been entered, defendant caused to be served on plaintiff a motion to have the findings of fact, conclusions of law, and the judgment in the divorce action amended to show that the child, Gail Frances, was born as the issue of the marriage and asking its custody and money for its support. The motion was based on an attached affidavit and upon the files, records, and proceedings in the action. The motion came on to be heard before the Honorable Carlton McNally, who had presided in the divorce action. On April 18, 1956, the court denied the motion. In a memorandum, the court stated that the only finding it could have made in the divorce action was that Gail Frances was not the child of plaintiff.

Defendant secured a new attorney, and on June 1, 1956, plaintiff was served with a second notice of motion asking exactly the same relief as she did in the first one. The accompanying affidavits were different in some respects. In defendant's affidavit she claims that, after the service of the summons and complaint on her, she went to the office of plaintiff's attorney and called his attention to the statement in the

complaint relative to the paternity of the child; that she asked him to delete it; and that he said that he would do so. She claims that she relied on his statement and that she would have vigorously opposed the allegation if she had known that plaintiff would persist in the claim. Apparently this motion was abandoned since the records show no disposition of it.

On June 4, 1956, defendant filed an affidavit of prejudice against Judge McNally. On July 11, 1956, defendant caused a third motion to be served on plaintiff. In this motion she asked the setting for trial of the issue whether Harold Bredemann is the natural father of Gail Frances. In the alternative she moved the court for an order reopening the judgment in the divorce action and for an order that testimony be taken to determine whether Harold Bredemann is the natural father of Gail Frances. The motions were based on affidavits already on file, presumably those attached to the second motion, and "upon the files, records and proceedings herein." The alternative motion was based on the following grounds: (a) Misrepresentation by plaintiff and his counsel that the clause denying paternity of the child would be removed from the divorce complaint; (b) that the judgment was no longer equitable; and (c) that there has never been a determination of the issue herein or a trial on said issue. On May 14, 1957, the court filed its order reopening the findings of fact, conclusions of law, and the judgment entered on November 4, 1946. It ordered the case to be placed on the calendar and that the sole issue to be determined was whether plaintiff is the natural father of Gail Frances. The court, in a memorandum attached to the order, gives its reason for its ruling, stating:

"* * * The only attempt to settle the issue was at a hearing brought to amend the Findings of Fact and Conclusions of Law in November, 1946, * * *. The Court [Judge McNally], of course had knowledge of what went on at the time of the hearing and felt that it could have found no other way than to decree that Harold was not the father of the child. It may follow that another court, hearing the same issue of paternity anew, will be compelled to find the same way. However, this Court must now decide whether or not there has ever been an adequate or fair hearing on the issue of paternity. Will affidavits and briefs suffice on

24

such an issue as compared to an actual trial on the merits?

"The Court is compelled to find that the best interests of the child in question have not been completely determined by affidavits and briefs, and in order to give that child and the matter in question their full day in court, a trial on the merits must be had. * * * we might as well face up to the facts that a fair hearing in the interests of this child must be had."

We must assume that the above states the basis for the issuance of the order from which the appeal is taken.

■ Defendant questions the appealability of the order. Such an order is appealable under the following decisions: Holmes v. Campbell, 13 Minn. 58 (66); County of Chisago v. St. Paul & Duluth R. Co. 27 Minn. 109, 6 N. W. 454; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Philadelphia Storage Battery Co. v. Hawley, 154 Minn. 538, 191 N. W. 815; Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N. W. (2d) 800.

■ We thus have the question whether the court was authorized under the law and the facts to open up a divorce decree, entered upon default, 10½ years after its entry. Rule 60.02 of the Rules of Civil Procedure specifies the conditions or situations under which a party may be relieved from a final judgment. Divorce decrees are specifically omitted from the provisions of the rule. However, this court has held that the rule in no way affects the inherent power of the court to grant relief to a party who has been denied an opportunity to defend in a divorce action under such circumstances as amount to a fraud on the court and the administration of justice. Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 1; Berg v. Berg, 227 Minn. 173, 34 N. W. (2d) 722.

■ In defendant's first motion, the one heard by Judge McNally, nothing was mentioned in her affidavit, dated March 30, 1956, about a promised deletion of the paternity allegation in the complaint. In that affidavit she states:

"That affiant admits she was present in the Court House at the time of the trial of the divorce action on November 4, 1946, that she assisted in obtaining witnesses for the trial of that action, that she did not realize

the effect of failing to formally contest the matter of the paternity of the child * * * and realizes that it was a serious mistake on her part not to contest the matter at that time * * *."

Furthermore, in the affidavit of December 30, 1954, attached to the moving papers, she did not mention the now claimed promise to remove the allegation of paternity in the complaint or make any other claim of fraud.

The court did not make its order on the basis of "fraud on the court and the administration of justice," nor could it very well do so in view of the contents of defendant's various affidavits. To be fraud on the court and the administration of justice, there must be found to be fraud on defendant. We have already quoted the court's given reason. Absent fraud, as considered in the cases, the court has no authority to open up a divorce decree.

■ But assuming the veracity of her claim in her later affidavits that a promise of deletion had been made upon which she relied in making no appearance in the divorce action, we still have the question of long delay. Shortly after the trial of the action, defendant was served with a copy of the divorce decree, a fact which she does not deny. During all these years, therefore, she must have known that the decree was silent as to the paternity of the child, the same silence which she now claims she asked plaintiff's counsel to observe by deleting from the complaint the allegation as to paternity. With her knowledge of the facts, the delay here is unreasonable and constitutes laches. For about 10 years she indicated no desire to interpose a defense to the action. The decree was opened up 10½ years after its entry. The same question as is involved here has already been litigated twice. The question was first fully tried out in the nonsupport action in the municipal court of St. Paul. The second time it came up before Judge McNally when he refused to amend the divorce decree. In both cases, defendant lost out on her contention. The court is now being asked to have it litigated a third time.

In the trial of the original action the court stated that it should make a finding of paternity and that such finding, stated in a later memorandum, would have been to the effect that plaintiff was not the father of the child. Counsel for plaintiff persuaded the court to omit the finding

as it would not be to the child's best interest to have the stigma of illegitimacy placed upon her in the divorce decree. Judging by the decision of the municipal court, after a complete trial where the only issue involved was the paternity of the child, and the order of Judge McNally refusing to amend the judgment, it may well be that the best interest of the child lies in having the divorce decree silent as to paternity rather than in having it amended to show that plaintiff is not the father, in case a new trial would reach the same result.

Order reversed.