In re Marriage of James H. LINDBERG, Petitioner, Respondent,

v.

Lorraine M. LINDBERG, Appellant.

No. CO–82–519.

Supreme Court of Minnesota.

March 4, 1983.

Barna, Guzy, Merril, Hynes & Giancola, Ltd., Columbia Heights, for appellant.

Peterson, Engberg & Peterson, Thomas Wexler, Minneapolis, for respondent.

TODD, Justice.

James Lindberg commenced divorce proceedings against his wife, Lorraine Lindberg, on August 11, 1981. The children of the parties were emancipated when the action commenced. Mrs. Lindberg did not immediately obtain counsel but communicated both orally and in writing with her husband's attorney. She indicated that she was interested in achieving an equal distribution of property, but not by default judgment. No agreement was reached.

Subsequently, Mrs. Lindberg obtained counsel who stated that he had written to Mr. Lindberg's attorney on November 30, 1981. Counsel for the husband denies receiving this correspondence. On January 20, 1982, an associate of Mrs. Lindberg's attorney wrote to husband's counsel advising that he would be handling the matter henceforth. Receipt of this letter is acknowledged.

On February 8, 1982, respondent obtained a default dissolution and property decree in Anoka County District Court. The court was not informed of the prior correspondence with Mrs. Lindberg, nor of the receipt of the letter from the attorney advising of his representation of Mrs. Lindberg. No notice of the hearing was given to Mrs. Lindberg or her counsel. *See* Minn.R.Civ.P. 55.01, subd. 2. On February 19, 1982, a default decree was entered. Mrs. Lindberg's motion to vacate the decree was denied on April 12, 1982. Mrs. Lindberg appeals from this order and the default judgment. We reverse, vacating the default judgment in part, and remand for further proceedings.

We are satisfied that the interests of justice demand that these proceedings be vacated in part.

That portion of the judgment dissolving the marriage of the parties is affirmed, but the judgment in all other respects is vacated and the matter remanded to the trial court for further proceedings.

Affirmed in part, reversed in part and remanded.