**In re the Marriage of Michael Allen SCHROETKE, Appellant,**

v.

**Terri Jane SCHROETKE, Respondent.**

**No. C3-84-1958.**

Court of Appeals of Minnesota.

April 9, 1985.

Thomas D. Hayes, Smith, Pringle & Hayes, Monticello, for appellant.

William A. Blonigan, Korba & Blonigan, P.A., Minneapolis, for respondent.

Considered and decided by NIEREN-GARTEN, P.J., and LESLIE and FOLEY, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Michael Schroetke appeals from an order which vacated the terms of child support specified in the judgment and decree dissolving the parties' marriage. The amount of child support had been stipulated to by the parties. We affirm.

## FACTS

Michael and Terri Schroetke were married on May 29, 1976 and have one minor child. During the summer of 1983 they visited the offices of U.S. Divorce Reform, Inc. and discussed the potential dissolution of their marriage with a representative of that office, who explained to them the child support guidelines. They subsequently negotiated a stipulation and filed a joint petition for dissolution of their marriage. Pursuant to the stipulation it was agreed that Michael, who earned $38,000.00 per year, would pay child support of $90 per month and day care expenses of $264 per month until the child began school, at which time Michael would begin paying $175 per month as child support.

The extent of Michael's representation by counsel is disputed; however, he did at least discuss the matter with an attorney, and at the final hearing another attorney appeared with him. Terri was not represented by counsel at any stage of the proceedings and the matter was heard as a default. Terri did not sign a waiver of her right to counsel.

An order for dissolution of the parties' marriage was entered on January 25, 1984. The order incorporated the terms of the parties' stipulation, including the amount of child support to which the parties had agreed. The order did not mention the child support guidelines, nor did the court enter a finding of fact concerning either

party's income. Judgment was entered pursuant to that order on January 25, 1984.

On August 17, 1984 Terri filed a motion requesting vacation or amendment of the judgment. As grounds for her motion she claimed that she had never executed a waiver of counsel as required by Rule 3.09 of the Minnesota Family Court Rules. She alleged that Michael had suggested that neither party hire an attorney, and that Michael had represented the stipulation as his own work, although he had, in fact, consulted an attorney as to its terms.

As further grounds for her motion, Terri pointed out that the judgment failed to comport with the child support guidelines. She alleged that Michael had fraudulently misrepresented to her the extent of his child support obligations and had intimidated her into believing that if she obtained counsel Michael would prevent her from even obtaining custody of the child.

Michael submitted an affidavit stating that Terri knew of the child support guidelines after visiting U.S. Divorce Reform, Inc., and that the parties had voluntarily stipulated to a different amount of support. Michael further alleged that his representation by counsel consisted solely of advice regarding boilerplate language and an appearance at the final hearing by a friend of the family.

The district court found that Michael had obtained the advice of legal counsel at the final hearing and prior thereto, although he had represented to Terri that he was not consulting an attorney. The court characterized this as a "misrepresentation" by Michael. The court also found that at the time of execution of the stipulation Terri did not fully appreciate her potential claim for child support, that she signed the stipulation without the benefit of counsel, and that she did not execute a waiver of her right to counsel, as required by Rule 3.09 of the Minnesota Family Court Rules. The court vacated the terms of the judgment setting child support, ordered temporary child support, and ordered that the issue of child support be set on the contested trial calendar. Michael has appealed, claiming

that the trial court did not have the authority to vacate the original judgment.

## ISSUE

Did the trial court err when it partially vacated the judgment and decree of dissolution and ordered a hearing on the issue of child support?

## ANALYSIS

■ The parties first question whether this action involves a motion to modify the terms of child support pursuant to Minn. Stat. § 518.64 (Supp.1983) or a motion to vacate the judgment pursuant to Rule 60.-02 of the Minnesota Rules of Civil Procedure. The motion itself is phrased in the alternative, requesting either vacation or modification. However, we note that the motion did not allege any of the reasons for modification specified in Minn.Stat. § 518.-64, subd. 2. Consequently, the trial court properly fashioned its relief pursuant to Terri's request for vacation of the judgment, rather than ordering modification of the decree.

■ Although the Minnesota Family Court Rules do not themselves provide for the vacation of a judgment and decree of dissolution, where not inconsistent the Minnesota Rules of Civil Procedure are applicable to family law practice. *See* Rule 1.01, Minnesota Family Court Rules. Rule 60.-02, Minn.R.Civ.P., governs motions for relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons * * *

The rule clearly excepts from its terms motions for relief from divorce decrees. However, *Berg v. Berg*, 309 Minn. 281, 244 N.W.2d 149 (1976) explains:

> While the rule on its face does not allow relief from that portion of a decree and judgment which actually dissolved the bonds of matrimony, we have allowed a

party to attack the other portions of the judgment under such circumstances as amount to a fraud on the court and the administration of justice.

*Id.* at 283–284, 244 N.W.2d at 151.

 "Fraud on the court and the administration of justice" in the context of motions to vacate decrees of dissolution has been defined as:

[A]ny course of action by the plaintiff which is intended to and does prevent the defendant from setting up and establishing a defense to an action * * *

*Cahaley v. Cahaley*, 216 Minn. 175, 180, 12 N.W.2d 182, 185 (1943) *quoting, Young v. Young*, 17 Minn. 181, 186 (1871). In other words, "[t]o be fraud on the court and the administration of justice, there must be found to be fraud on the defendant". *Bredemann v. Bredemann*, 253 Minn. 21, 25, 91 N.W.2d 84, 87 (1958). Further insight into what will be considered fraud justifying vacation of a dissolution decree is provided by *Lindberg v. Lindberg*, 331 N.W.2d 479 (Minn.1983). In *Lindberg*, the husband's attorney had obtained a default dissolution even though he was aware that the wife was also represented by counsel and had not agreed to a judgment by default. When the wife's motion to vacate the judgment was denied, she appealed. The supreme court reversed, stating:

We are satisfied that the interests of justice demand that these proceedings be vacated in part.

*Id.* at 479.

Other examples of fraud on the court and the administration of justice are provided by *Cahaley* and *Berg v. Berg*, 227 Minn. 173, 34 N.W.2d 722 (1948). In *Cahaley* the supreme court required vacation of a judgment and decree of dissolution where counsel for the plaintiff had promised the defendant an extension of time to answer but had then obtained a default judgment. In *Berg* vacation was upheld where the wife claimed that her husband had forced her to stipulate to a default judgment by means of threats of physical harm and by service upon her of allegedly defamatory affidavits of proposed witnesses.

We find that the circumstances of the present situation justified the district court's vacation of the original judgment and decree of dissolution. The court specifically found that Terri was not represented by counsel, and that she did not sign a waiver as required by the Rules, whereas Michael "had the advice of legal counsel at the final hearing, and prior thereto", and "represented to [Terri] that he was not consulting with an attorney regarding the dissolution of marriage, and said representation was a misrepresentation". This misrepresentation resulted in prejudice to Terri, who the trial court found "failed to fully appreciate her potential claim for child support against [Michael]".

The trial court's findings concerning Michael's misrepresentations must be upheld unless clearly erroneous. *Thomas v. Thomas*, 356 N.W.2d 76, 80 (Minn.Ct.App. 1984). Examination of the record reveals that these findings were not clearly erroneous.

## DECISION

We uphold the trial court's decision to vacate the terms of child support specified in the original judgment where the trial court based its decision to vacate upon a finding of misrepresentation.

Affirmed.