**In re the Marriage of Gary E. NORDMARK, Petitioner, Appellant,**

v.

**Janice F. NORDMARK, Respondent.**

**No. C8-85-2226.**

Court of Appeals of Minnesota.

June 17, 1986.

John J. Todd, West St. Paul, for appellant.

Gary A. Weissman, Susan M. McGoldrick, Leonard, Street & Deinard, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying appellant Gary Nordmark's motion to vacate an earlier order amending the terms of a dissolution judgment and decree. We reverse.

## FACTS

On May 13, 1985, appellant Gary Nordmark and respondent Janice Nordmark appeared for trial in this dissolution proceeding. They presented a stipulation on all issues to the court. The stipulation was read into the record.

The trial court instructed appellant's attorney to draft the Findings, Conclusions of Law, and Order for Judgment. The court told respondent's counsel he would sign the draft of the findings and conclusions on the third day after they had been submitted to him unless he received an objection to them from respondent's counsel. Respondent's counsel did submit an objection on an issue not involved in this appeal, but the papers had already been signed.

The stipulation as read into the record included a provision on medical insurance coverage for respondent. There was a brief discussion between counsel as to this provision. Appellant's counsel's draft of the judgment and decree included a medical insurance provision.

After the entry of the judgment and decree, respondent's counsel brought a motion to amend the decree in three respects, including the medical insurance provision.

The trial court granted the motion and amended the judgment.

## ISSUE

Did the trial court err in amending the medical insurance provision?

## ANALYSIS

Appellant contends the trial court lacked jurisdiction to amend the decree because of the exclusion of dissolution decrees from Minn.R.Civ.P. 60.02. We agree.

■ Minn.R.Civ.P. 60.02 provides in part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (*other than a divorce decree*), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: * * * *.

(Emphasis added). A court retains inherent power to grant relief to a party who has been denied an opportunity to defend in a divorce action under such circumstances as amount to a fraud on the court and the administration of justice. *Bredemann v. Bredemann*, 253 Minn. 21, 24, 91 N.W.2d 84, 87 (1958). Respondent here, however, alleged only mistake as grounds for relief.

■ The supreme court has recently clarified *Bredemann* and reaffirmed the exclusion of divorce decrees from Rule 60.-02:

> In the future, however, motions to modify divorce decrees brought under Rule 60.02 should not be entertained by the district courts. The district courts lack jurisdiction under Rule 60.02 to consider such motions. Only when facts are alleged that amount to fraud on the court as enunciated in *Bredemann* may a district court set aside a divorce decree.

*Lindsey v. Lindsey*, —— N.W.2d ——, n. 1 (Minn. June 6, 1986).

## DECISION

The trial court erred in amending the dissolution judgment and decree.

Reversed.