**In re the Marriage of James R. PEKAREK, Petitioner, Respondent,**

v.

**Judith Ann (Pekarek) WILKING, Appellant.**

No. CX–85–1644.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Alan C. Eidsness, Sarah McKenzie, Henson & Efron, P.A., Minneapolis, for respondent.

M. Sue Wilson, Wilson & Pomerene, P.A., Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., RANDALL and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order directing entry of amended judgment and decree affecting the parties' dissolution. Appellant claims (1) the order should be vacated because the stipulation on which it was based was not voluntarily entered, (2) the trial court erred in improperly managing an expert appraisal, (3) the trial court improperly modified child support, (4) respondent should not be awarded bad faith attorney's fees, and (5) appellant should be awarded attorney's fees based on financial need. We affirm.

## FACTS

Appellant Judith Ann (Pekarek) Wilking and respondent James R. Pekarek were married in 1966 and divorced in September 1983. They have four children, only one being presently emancipated.

On January 24, 1984, the parties' final decree and judgment was amended to cause respondent to receive all of the parties' limited partnership tax shelters and respondent to pay appellant $20,000 as a property settlement. Appellant was awarded $1500 per month for three years in spousal support and $2600 per month in child support for the then four minor children.

Respondent appealed. This court affirmed regarding maintenance, remanded for findings regarding child support, remanded regarding tax shelter valuations, and ordered appointment of a neutral expert to aid the trial court in valuation. *See Pekarek v. Pekarek*, 362 N.W.2d 394 (Minn.Ct.App.1985). On February 26, 1985, the trial court appointed Mitchell Joelson and Touche Ross & Co., certified public accountants, to prepare an expert opinion regarding valuation.

Respondent's employment was terminated, but he was maintained on payroll through April 30, 1985. Because he had not yet acquired new employment, respondent moved for modification of maintenance and support. The trial court stayed those motions with its February 26 order.

On May 2, 1985, the parties met with the trial court. Respondent claims that was the date of a scheduled settlement conference. Appellant claims the hearing on remand was scheduled on that date and the settlement conference was unexpected.

The parties met briefly with the trial court, which discussed its conversations with the accounting expert and his preliminary report. The parties then separated with their own counsel to develop a settlement. After three hours, the parties reconvened with the trial court to present their stipulated agreement. The stipulation was read into the record with the scrivening to be done later. Appellant was questioned by her counsel and the trial court regarding her agreement with the settlement. Appellant expressed agreement, but without enthusiasm. She questioned the child support provisions, and the court explained them. Appellant phoned the trial court the following day to express her continued confusion.

Respondent reduced the stipulation to writing and on May 13, 1985 mailed copies to appellant for signing. Enclosed were two checks totaling $25,000 payable to appellant: one for appellant's attorney's fees prior to remand, and the second for maintenance and support arrearages. Respondent instructed appellant in writing the checks were to be negotiated only after settlement was completed. Appellant met with her counsel who encouraged her to sign the stipulation. Appellant signed the involved documents and returned them to respondent with one modification made by her counsel.

Appellant's attorney then discontinued legal practice. Appellant retained other counsel who wrote the trial court on May 22, 1985 explaining appellant's continued confusion and requesting the court hold the stipulation. During this time, the checks received by appellant were negotiated despite their conditional delivery.

On June 12, 1985, respondent moved for entry of amended judgment and decree based on the parties' stipulation and for attorney's fees pursuant to Minn.Stat. § 549.21. On June 24, 1985, appellant moved to vacate the stipulation and set the matter for trial.

By order on August 1, 1985, the trial court denied appellant's motion and granted respondent's, and awarded respondent $1500 in attorney's fees. On August 26, 1985, appellant filed notice of appeal from the August 1 order requesting reversal and remand. Third counsel represented her on appeal.

## ISSUES

1. Did the trial court abuse its discretion in ordering entry of amended judgment and decree based on the parties' stipulation?

2. Did the trial court err in not providing distribution and cross-examination of expert's appraisal?

3. Did the trial court properly modify child support?

4. Did the trial court abuse its discretion in awarding attorney's fees pursuant to Minn.Stat. § 549.21?

5. Is appellant entitled to attorney's fees pursuant to Minn.Stat. § 518.14?

## ANALYSIS

1. Appellant claims the stipulation should be vacated because she did not understand its terms, she was improperly encouraged by the trial court to sign, and her attorney on remand was incompetent.

Courts favor stipulations, particularly in dissolution cases, as a means of simplifying and expediting litigation. Stipulations are treated as binding contracts. They cannot be repudiated or withdrawn by one party without the consent of the other party except by leave of the court for cause shown. Courts may set aside stipulations for fraud, duress or mistake. Upon appeal a trial court's determination whether or not to vacate a stipulation will not be disturbed in the absence of an abuse of discretion.

*Tomscak v. Tomscak*, 352 N.W.2d 464, 466 (Minn.Ct.App.1984) (citations omitted). For a stipulation to stand, "a meeting of minds on the essential terms of the agreement" must have occurred. *Ryan v. Ryan*, 292 Minn. 52, 55, 193 N.W.2d 295, 297 (1971). If the agreement was improvidently made, it may be vacated. *John v. John*, 322 N.W.2d 347, 348 (Minn.1982).

This court has considered the following factors in determining whether a stipulation was entered into properly: (1) whether the party was represented by competent counsel; (2) whether extensive and detailed negotiations occurred; (3) whether the party agreed to the stipulation in open court; and (4) whether when questioned by the judge the party acknowledged understanding the terms and considering them fair and equitable. *Tomscak*, 352 N.W.2d at 466.

Here, appellant's counsel on remand conferred with appellant repeatedly and took an active role negotiating the stipulation. While counsel's readiness to retire may have led to mixed motives in wanting the

matter settled, there is no evidence of her counsel's incompetency and the trial court so found.

While appellant claims she was unprepared for and surprised by the settlement conference, the record does not indicate opposition. The stipulation was reached after about three hours of negotiation and read into the record in the parties' presence. When questioned by the trial court, appellant stated she could accept and live with the general terms of the agreement. Although appellant's responses in open court may have been made reluctantly, she clearly agreed to the stipulation and did not withhold her consent. When she appeared confused regarding child support, the court explained the stipulated terms of the support agreement and appellant stated she understood.

When later reduced to writing, the stipulation was mailed to appellant's counsel for signing. Appellant had opportunity for reflection and further counseling. She had more than two weeks between the court appearance and executing the stipulation. Appellant is well-educated and well able to consider her options. After doing so, the stipulation as modified by her attorney was signed and returned, indicating her consent.

■ Appellant also cashed the checks made payable to her. She had been informed the checks were not to be negotiated until settlement was completed. This also demonstrated her acquiescence in the stipulation. Given the evidence, we cannot find appellant's agreement with the stipulation to be involuntary. The trial court did not abuse its discretion.

2. Appellant claims the trial court's failure to provide her with a copy of the tax expert's appraisal and to allow for cross-examination of the court-appointed witness deprived her of adequate information upon which to agree to the stipulation.

Immediately prior to the parties entering their three hour negotiation, they met with the trial court which explained its discus-

sions with the expert regarding preliminary views. The expert's appraisal was never completed.

■ Respondent claims it was proper for the trial court to terminate the efforts of the appraisal because the parties settled instead of going to trial. We agree. Respondent even offered to give her all his interests in the tax shelters. If appellant wished additional information from the expert, settlement should have been delayed or avoided.

3. Appellant claims the trial court improperly modified child support by failing to consider respondent's income while unemployed. She argues it is possible respondent might receive unemployment compensation, severance pay, accrued benefits, and other non-salary income prior to becoming reemployed. She claims the trial court improperly ordered entry of judgment based on the parties' stipulation which fails to consider those incomes and therefore violates Minn.Stat. § 518.551, subd. 5 (1984). Appellant stipulated to the child support modification.

■ The trial court did not abuse its discretion by accepting the stipulation and finding the agreement did not deviate from the guidelines. The statute requires not only "all earnings, income, and resources of the obligor including real and personal property" be considered in determining payment, but also "the basic living needs of the obligor." Minn.Stat. § 518.551, subd. 5(a) (1984). Respondent, a CPA, was temporarily unemployed and the stipulation delayed payment until he is employed. This does not violate statutory considerations and the stipulation was properly accepted.

■ 4. Appellant claims the trial court abused its discretion in awarding respondent attorney's fees pursuant to Minn.Stat. § 549.21 (1984). That statute permits award if claims were asserted in bad faith or were frivolous.

The award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court. *National Recruiters, Inc. v. Toro Company,* 343 N.W.2d 704, 709 (Minn.Ct.App. 1984). We do not find an abuse of discretion. Appellant's motion to strike the stipulation was without basis in fact or law. We decline, however, to award additional fees on this appeal.

 5. Appellant claims she is entitled to attorney's fees incurred at the remand hearing and on this appeal pursuant to Minn.Stat. § 518.14 (1984).

The standard for determining whether an award is appropriate is a party's need for financial assistance to enable him to protect his rights in dissolution proceedings. Minn.Stat. § 518.14. *See Abuzzahab v. Abuzzahab,* 359 N.W.2d 329, 333 (Minn. Ct.App.1984).

*Frederiksen v. Frederiksen,* 368 N.W.2d 769, 778 (Minn.Ct.App.1985). Appellant has had ample opportunity to request attorney's fees incurred on remand. Most appropriately, that item should have been negotiated in the stipulation. It is now untimely. Regarding appellate legal fees for her third counsel, we have no evidence to support appellant's claim of financial need. Given the record, we decline to award those fees.

## DECISION

On remand, the trial court properly amended the parties' judgment and decree based on their stipulated agreement. Appellant agreed to the stipulation voluntarily, without fraud, and with the assistance of competent counsel. The trial court properly used a court-appointed expert. The modified child support was reasonable under the circumstances here. The trial court properly awarded respondent attorney's fees pursuant to Minn.Stat. § 549.21 and we decline to award any attorney's fees on appeal.

Affirmed.