Marlene A. PLATH, n.k.a. Marlene A. Ritlinger, Petitioner, Respondent,

v.

Richard L. PLATH, Appellant.

No. C1–86–781.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Michael D. Klampe, Klampe & Pingatore, Rochester, for respondent.

Charles James Suk, Gregory M. Spoo, Dingle, Suk, Wendland and Mellum, Ltd., Rochester, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Richard L. Plath appeals from a judgment denying a motion for continuance and awarding respondent Marlene A. Plath, now known as Marlene A. Ritlinger, reimbursement for expenses paid to date for the college education of the parties' son, along with a portion of expenses for their son's college education for 1985–86 and 1986–87 and attorney's fees. Appellant contends that the trial court abused its discretion in denying the continuance; that the court erred in interpreting the dissolution judgment provision on college expenses; and that the court abused its discretion in awarding attorney's fees. Respondent has requested an award of attorney's fees incurred as a result of this appeal. We affirm and award attorney's fees to the respondent.

## FACTS

The parties were divorced on January 2, 1970, pursuant to a stipulated agreement which granted custody of three minor children to the respondent and further provided:

> [T]hat the [appellant] shall pay for the support of the minor children of the parties the sum of $100.00 per month per child until they become twenty-one or self-supporting or emancipated, whichever occurs first; provided, however, [appellant] further agrees to pay for the college education of said children.

Although the dissolution judgment was later amended, the provision relating to payment of college education expenses remained unchanged. Respondent moved to enforce that provision by compelling appellant to pay for expenses incurred for the education of the parties' son Dean Meier Plath (Dean) between 1980 and 1984, during the 1985–86 school year and during subsequent years. Respondent also requested $350 in attorney's fees.

Dean, the youngest of the parties' children, was born on May 17, 1962, and graduated from high school in 1980. He attended college during the fall semesters of 1980–81 and 1981–82, the spring semester of 1981–82, the fall semester of 1983–84 and the fall and spring semesters of 1985–86. At the time of the January 24, 1986

hearing, he was enrolled in a university and was scheduled to graduate in June of 1987. Appellant contributed a total of $20 toward Dean's college expenses. Dean had enlisted in the United States Army in 1983, under the assumption that the Army would pay student loans he had incurred. After enlisting, he learned the Army would not pay the loans. His military records were not available at the hearing, but were provided to appellant after the hearing.

Following several continuances, a hearing on the motion was scheduled for January 24, 1986. On January 23, 1986, appellant requested another continuance due to the unavailability at that time of Dean's military records.

Respondent argued that the military records were irrelevant to the issues before the court, and the trial court denied a continuance of the hearing. The trial court awarded judgment against appellant for $1,646.50 as reimbursement for college expenses paid to date, and an additional judgment of $6,000 for 1985–86 academic year expenses. In addition the trial court ordered appellant to pay an amount equal to all tuition and reasonable room and board for the 1986–87 academic year, provided "[Dean] is then enrolled as a full-time student working toward a degree in Aeronautical Science and * * * continues to be so enrolled in consecutive quarters throughout the scholastic year. [Appellant's] obligation * * * shall terminate June, 1987, the scheduled graduation date." Finally, the trial court awarded respondent $350 in attorney's fees.

## ISSUES

1. Did the trial court abuse its discretion in denying a continuance?

2. Did the trial court err in interpreting the dissolution judgment and determining appellant's obligation to pay for college education expenses?

3. Did the trial court abuse its discretion in awarding attorney's fees?

## ANALYSIS

### I.

Appellant alleges that the trial court erred by refusing to continue the hearing on respondent's motions until such time as Dean's military records were available to appellant. We note that subsequent to the hearing, those records were received by respondent and provided by her to appellant. However, there were no post-judgment motions to have the records considered by the trial court. Instead, appellant has included those records as part of the appendix to his appellate brief. A portion of his argument on appeal is based on the records.

Generally an issue must be raised before the trial court and considered by the trial court or it is deemed waived on appeal. *Morton v. Board of Commissioners,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974). The records were not presented to the trial court and were not considered by it. Consequently, they are not properly before this court.

Further, respondent argued to the trial court that Dean's military records were irrelevant to the determination of appellant's obligation under the dissolution judgment. The trial court apparently agreed, and so do we. The language of the stipulation which described appellant's obligation to provide his children with a college education is extremely broad. Appellant could have requested or insisted at the time of the divorce settlement negotiations that his college education obligations be more specifically delineated. He apparently did not. Unquestionably, parties to a marriage dissolution may bind themselves to a level of performance higher than that which the courts could require of them. *In re La-Belle's Trust,* 302 Minn. 98, 111, 223 N.W.2d 400, 408 (Minn.1974). That is precisely what the parties did here. The military records which appellant urges upon this court are, indeed, irrelevant. In addition, an independent review of those records by this court indicates that Dean's "uncharacterized discharge" from the

Army very probably resulted in large measure from his immaturity at the time he joined and attempted to comply with his responsibilities in that organization. Our review of the Army records did not unearth any evidence that would rebut Dean's affidavit that he "entered an Army Education Program with the understanding that the Army would pay a $2,500.00 outstanding college loan that he had obtained." Dean's reliance on that payment was misplaced.

The trial court did not err in refusing to grant a continuance.

## II.

Appellant next contends that the trial court should have interpreted the dissolution judgment provision on college expenses on the basis of what a reasonable person would contemplate in the situation. Appellant suggests that the parties did not contemplate creating a blank check for college expenses that would require him to pay expenses up to seven years after Dean graduated from high school. While appellant acknowledges that the court can enforce a stipulation to pay college expenses beyond the age of majority, he argues the necessity of determining which expenses are reasonable and, thus, includable in his obligation.

The trial court limited appellant's obligation to those expenses arising during eight semesters of college enrollment. That time period coincides with the normal progression toward earning a Bachelor's degree. The trial court also provided that appellant's obligation is to terminate in June of 1987, when Dean is scheduled to receive his degree. Finally, the trial court conditioned the obligation to pay expenses for the 1986–87 school year on Dean's full-time enrollment as a student working on a degree in Aeronautical Science.

■ The trial court reasonably interpreted the broad language agreed to by the parties in their stipulation. Respondent has not challenged that interpretation. We find no error in the trial court's reasoning or limitation of appellant's obligation. Indeed, the trial court commendably placed fair and realistic limits on what was otherwise an open-ended obligation.

## III.

The trial court awarded respondent $350 in attorney's fees. Appellant contends that the fees were improperly awarded to respondent because Dean, rather than respondent, had incurred the expenses in his effort to receive payment of college expenses from his father.

■ Allowance of attorney's fees in dissolution cases rests almost entirely in the discretion of the trial court. *Lukanen v. Lukanen*, 357 N.W.2d 380, 383 (Minn.Ct. App.1984). Respondent is a proper party to enforce the dissolution judgment, and awarding of attorney's fees to a party is within the trial court's discretion. Respondent may, of course, reimburse her son if that is her desire. However, the award of attorney's fees to respondent is not an abuse of the trial court's discretion.

Respondent has requested an award of attorney's fees incurred as a result of this appeal. Considering the circumstances and the merits of the case, fees in the amount of $400 are hereby awarded.

## DECISION

The trial court did not abuse its discretion in denying a motion for a continuance until Dean's Army records were obtained. The trial court did not err in interpreting the dissolution judgment provision requiring appellant to pay for college education expenses for the parties' son. The trial court did not abuse its discretion in awarding attorney's fees to respondent. Attorney's fees of $400 are awarded to respondent for expenses incurred as a result of this appeal.

Affirmed.