**In re the Marriage of Mona B. YEAGER, Petitioner, Respondent,**

v.

**Kenneth N. YEAGER, Appellant.**

**No. C9–86–1726.**

Court of Appeals of Minnesota.

May 12, 1987.

520

Laurie Paulsen Huusko, Minneapolis, for respondent.

Wood R. Foster, Jr., Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is from the trial court's denial of a motion to modify or vacate a five year old judgment of dissolution. The court also denied respondent's motion for attorney fees and costs. We affirm.

## FACTS

The 29–year marriage of respondent Mona Yeager and appellant Kenneth Yaeger was dissolved on July 24, 1981. In

accordance with a stipulation signed by both parties, appellant agreed to pay spousal maintenance of $2000 per month.

Pursuant to the agreement of the parties, no appearance was made by or for appellant at the dissolution hearing. The trial court was informed only that appellant had earned $80,000 in 1980, which was true. The court was not, however, informed that this figure was extraordinarily high, since appellant's average annual base salary was $48,600.

In 1986, appellant sought a reduction in his maintenance obligations, claiming he had recently changed jobs and was now earning only $24,000 per year. The trial court found appellant's estimated commissions would yield an additional $20,000 per year, and refused to modify the original decree, due to the slight difference between appellant's 1986 expected income and his 1981 average annual income. Appellant disputes the trial court's findings regarding his present income level.[1]

In addition to his request for modification of the maintenance obligation, appellant moved for vacation of the original judgment on maintenance, based upon a complaint that he acted without being properly informed when he signed the stipulation, waived counsel, and agreed not to appear at the default hearing. The record shows the stipulation was drafted by respondent's attorney; appellant's legal rights were explained to him and he willingly waived his right to obtain his own lawyer.

Appellant also sought to open the judgment provision awarding the homestead to respondent. In the original stipulation and judgment, the parties each took one automobile, each took possession of accounts, stocks, bonds, personal property and household goods in his or her possession, and tax refunds were shared. Respondent received the interest of the parties in the homestead, and appellant received all rights to his pension. Neither the homestead nor the pension were valued at the time. Appellant claims his pension has become less

valuable than the parties had anticipated, and that he had expected to receive an interest in the homestead when the parties' son graduated from high school the year following the dissolution.

The trial court denied appellant's motion to vacate or modify the dissolution decree, and denied respondent's request for attorney fees.

### ISSUES

1. Did the trial court clearly err in finding that no substantial change of circumstances had occurred between the time of the dissolution and the time of appellant's motion?

2. Did the trial court abuse its discretion by refusing to vacate the five year old judgment of dissolution?

3. Did the trial court abuse its discretion by refusing to award respondent attorney fees?

### ANALYSIS

1. *Modification*

A maintenance or support obligation may be modified only if the moving party shows:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1986). The trial court refused to modify appellant's maintenance obligation of $2000 per month, based upon a finding that his circumstances had not substantially changed. On appeal, this finding should not be disturbed unless it is clearly erroneous. *Zagar v. Zagar*, 396 N.W.2d 98, 100 (Minn.Ct.App. 1986); Minn.R.Civ.P. 52.01.

The court's finding that appellant had not experienced a substantial change in

---

1. Several of appellant's arguments in his brief concerning his 1986 income and expectations are improperly based upon material that is not of record.

salary is supported by the record. Appellant's employment estimates for 1986 indicate that, in addition to his base salary of $24,000, he expected to earn $20,000 in commissions. Deposition testimony also supports the trial court's finding that appellant expected to earn much more in 1986 than his $24,000 base salary.

Appellant's complaints regarding the trial court's efforts to estimate his 1986 income are also minimized by a 1986 decision of the court to use a formula that governs the amount of maintenance to be paid. The court ordered appellant to make payments of $1000 per month, plus one-half of commissions earned, for a total not to exceed $2000 per month. Respondent has not appealed from this determination.

Appellant complains he has "gained the dubious distinction of becoming the highest maintenance payor in reported Minnesota jurisprudence on a percentage of income basis." His complaint is misplaced. The award here is the fruit of the stipulation between the parties, and not a judicial reconciliation of competing interests.

Appellant claims an examination of whether there has been a change in circumstances should compare his current earnings with the $80,000 earned in 1980, rather than with his base salary of $48,600, which was the basis for the 1981 stipulation. This argument is based upon the fact that the original trial court was not told of his base pay, but was only told that he was an executive of Control Data and earned $80,000 in 1980.

▪ Modification is designed to eliminate unfairness brought about by the changed circumstances of parties to a dissolution. The issue involves a study of the parties' present circumstances and the circumstances "in which they found themselves when the decree was rendered." *Botkin v. Botkin,* 247 Minn. 25, 28, 77 N.W.2d 172, 175 (1956) (citations omitted). There is no question here that the 1980 income of appellant was not representative of his ordinary annual income at the time of the 1981 dissolution, and that both parties viewed his ordinary annual income as a base salary of $48,600.

Because the stipulation does not suggest that maintenance was based on earnings appellant enjoyed in 1980, and the court made no finding so indicating, what was said to the court in 1981 is unrelated to a determination of what were the actual circumstances of the parties at the time.

The trial court that heard the motion for modification found:

3. In 1981, [appellant] was employed by Control Data Corporation as a director of a Control Data subsidiary. [Appellant] had a base annual salary of $48,600.00, which salary was used as the basis for computing his spousal obligation. During the years preceding the divorce, [appellant's] income had varied and there had been several time periods when he had earned an income above his base salary. In the year preceding the dissolution, [appellant] had earned approximately $80,000.00.

This finding is sustained by the evidence.

### 2. *Vacation*

Alternatively, appellant's plea is for vacation of the judgment. Appellant brought his motion to vacate under Rule 60.02 of the rules of civil procedure. The rule permits relief in specified circumstances from a final judgment "other than a divorce decree." *See* Minn.R.Civ.P. 60.02. The supreme court has indicated that the exception regarding dissolution judgments is not confined to the part of the judgment severing the marriage, but affects the entirety of a dissolution judgment. *Lindsey v. Lindsey,* 388 N.W.2d 713, 716 (Minn.1986); *Bredemann v. Bredemann,* 253 Minn. 21, 24, 91 N.W.2d 84, 87 (1958). The court stated that a dissolution judgment may be vacated only by showing fraud on the court and the administration of justice. *Lindsey,* 388 N.W.2d at 716 n. 1; *Bredemann,* 253 Minn. at 24, 91 N.W.2d at 87.

▪ Where it is evident that a decree is based on an underlying stipulation, however, we have examined the issue of vacation with a view towards the law on vacation of stipulations. *See Kroeplin v. Haugen,* 390 N.W.2d 872 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Sept. 25, 1986).

The law on vacation of a stipulation permits opening on a showing of fraud or on a showing of mistake. *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.Ct.App.1984).

The record here shows neither fraud nor mistake in connection with the 1981 stipulation and judgment. As to maintenance, for over four years appellant paid the amount he had agreed to pay. He made no claim of fraud or mistake until he reached a personal opinion that his circumstances had changed.

As to the homestead, appellant admitted he read the stipulation within six months after the decree was entered. His son was 17 years old in 1981, and would have presumably graduated shortly thereafter; nonetheless, appellant made no claim of fraud or mistake until 1986.

 The trial court found there had been no fraud connected with the procedure in which appellant signed the stipulation, waived his right to counsel, and agreed to a default hearing. Given appellant's evident acquiescence in the original judgment, we find no error in this determination.

The trial court did not rule on the issue of mistake under *Tomscak.* Because we find the record to be compelling against a case of mistake made after four years of appellant's acquiescence in the order, we elect not to remand for reconsideration of that issue.[2]

3. *Attorney Fees.*

Respondent has filed a notice of review, claiming the trial court improperly denied her motion for attorney fees and costs. A trial court's decision regarding a request for attorney fees in a dissolution matter should be upheld, absent a clear abuse of discretion. *Plath v. Plath,* 393 N.W.2d 401, 404 (Minn.Ct.App.1986). Although fees are often awarded in actions to enforce the terms of a judgment of dissolution (*e.g., Lappi v. Lappi,* 294 N.W.2d 312, 316 (Minn.1980); *Plath,* 393 N.W.2d at 404;

*Farrar v. Farrar,* 383 N.W.2d 436, 441 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. May 22, 1986)), the specific facts of a case may warrant the denial of fees. *See, e.g., Benedict v. Benedict,* 361 N.W.2d 429, 433 (Minn.Ct.App.1985). Here, appellant's maintenance payments are relatively high in relation to his income, and respondent appears to have sufficient income from the receipt of maintenance to pay her own attorney fees.

### DECISION

The trial court's findings are sustained by the evidence and permit denial of appellant's motion to modify or vacate the dissolution decree. The court did not abuse its discretion in denying respondent's motion for attorney fees and costs.

Affirmed.

---

**2.** Our decision on fraud and mistake in this case is based singularly on the acquiescence of appellant. Absent such acquiescence, *Tomscak* calls for examination of the stipulation and consideration of what the record shows as to a party's understanding and commitment to a stipulation. *Tomscak,* 352 N.W.2d at 466. There is an evi-

dent risk, which we do not fully explore here, in seeking a judgment involving the sacrifice of material interests by an adverse party, where the matter is presented to the court on a stipulation with a waiver of both counsel and appearance.