In re the MARRIAGE OF Mary Ann STEFFAN, petitioner, Appellant,

and

James N. Steffan, Respondent.

No. C0–87–2113.

Court of Appeals of Minnesota.

May 24, 1988.

Becky Skinner Toevs, Wayzata, for petitioner, appellant.

Earle T. Anderson, Golden Valley, for respondent.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and NORTON, JJ.

## OPINION

NORTON, Judge.

This appeal is from an order denying appellant's motion to vacate a dissolution judgment and decree, or in the alternative, to set aside the underlying stipulation. We affirm in part, reverse in part and remand.

## FACTS

Appellant Mary Ann Steffan commenced dissolution proceedings in January 1985.

Respondent James N. Steffan is employed as vice president, secretary and treasurer of a Twin Cities' company. At the time the dissolution was commenced in 1985, his base salary was $60,000 per year. He additionally earned a bonus from the company and dividends from his stocks. The following year respondent's salary was raised to a base salary of $70,000. He additionally earned a net bonus of approximately $8600. At the time of the final hearing in January 1987, his base salary had increased to $77,000 per year. In June 1987, respondent received a net bonus of approximately $22,000.

Appellant was unemployed at the time of the final dissolution hearing, and had been for some time prior to the commencement of the proceedings. In 1975, it was discovered that appellant had an aneurysm. Surgery was performed which resulted in eye damage as well as a stroke in early 1976. Appellant was left with permanent damage, including cognitive deficits resulting in difficulty with her short term memory, organization, word finding and reading ability. She is in chronic pain and has a continuing problem with depression. Both parties agree that appellant's condition is permanent and that she is essentially unemployable.

At the trial in January 1987, respondent testified that he expected to receive a bonus in June. He was not asked to estimate the amount of the bonus. The parties settled in the afternoon and a stipulation was read into the record.

The stipulation provided appellant with permanent maintenance in the amount of $1500 per month. After subtracting joint debts of the parties paid by respondent, each party received approximately 50% of the assets. There was no mention in the stipulation of respondent's 1987 bonus.

When questioned by her attorney and the trial court, appellant never agreed or disagreed with the proposed stipulation. Appellant was concerned that $1500 per month maintenance would not adequately provide for her and cover her extra medical expenses. Appellant had no further questions after it was explained that she had lifetime maintenance, medical insurance, and could move for modification at a later date.

Appellant took the proposed findings of fact and conclusions of law to another attorney prior to giving her counsel approval to finalize the stipulation. The stipulation was incorporated into the judgment which was entered in February 1987. Respondent's 1987 bonus was not included or mentioned in the stipulation and decree.

In July 1987, appellant moved to vacate the judgment due to fraud on the court and the administration of justice. Alternatively, appellant moved to vacate the underlying stipulation due to fraud, duress, mistake or incompetent counsel. Appellant additionally asked for an evidentiary hearing regarding spousal maintenance, allocation of debt and property, and payment of attorney fees.

The trial court denied appellant's motion in all respects. This appeal followed.

## ISSUES

I. Did the trial court abuse its discretion in refusing to set aside the stipulation?

II. Did the trial court abuse its discretion in refusing to vacate the judgment and decree?

## ANALYSIS

### I.

[1] Courts favor stipulations, particularly in dissolution cases. They cannot be repudiated or withdrawn by one party without the consent of the other party except by leave of the court for cause shown. Courts may set aside stipulations for fraud, duress or mistake. A trial court's determination not to vacate a stipulation will not be disturbed absent an abuse of discretion.

*Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.Ct.App.1984).

[2] This court has set forth factors to determine whether a stipulation was properly accepted by the trial court:

(1) whether the party was represented by competent counsel;

(2) whether extensive and detailed negotiations occurred;

(3) whether the party agreed to the stipulation in open court; and

(4) whether when questioned by the judge the party acknowledged understanding the terms and considering them fair and equitable.

*Kroeplin v. Haugen,* 390 N.W.2d 872, 875 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn.Sept. 25, 1986). Examination of these factors establishes that the stipulation was properly accepted.

(1) Appellant first claims that her counsel was incompetent, because he failed to do sufficient discovery to ascertain respondent's true assets, debts and income, and because he did not fully understand the nature of her medical condition. There is no evidence before this court that appellant's former counsel was derelict in his duty. Appellant was represented by competent counsel during the dissolution proceeding.

(2) The record next shows that extensive and detailed negotiations regarding maintenance and property division occurred. From the correspondence, it appears that the parties had been discussing distribution of the assets and maintenance for over a year.

(3) It is true that appellant never explicitly agreed to the stipulation in open court as required by the third factor. However, this court has held that parties may acquiesce to a stipulation even though they may not have actually stated such agreement in open court. *See Pekarek v. Wilking,* 380 N.W.2d 161, 164 (Minn.Ct.App. 1986) (acquiescence can be shown by the party waiting several weeks before executing the final stipulation); *Yeager v. Yeager,* 405 N.W.2d 519, (Minn.Ct.App.1987) (party acquiesced to stipulation by general-

ly not objecting to the stipulation, waiving right to counsel, and approving of a default hearing).

In this case, we believe that appellant acquiesced to the agreement by taking the stipulation to another attorney before giving her attorney approval to complete the stipulation. Additionally, more than two weeks elapsed between the time of the stipulation and the time of the final judgment.

(4) Appellant finally argues that she did not understand the stipulation as evidenced by her questions to the trial court. But the trial court specifically answered all of her questions regarding maintenance and medical insurance. The record shows that she understood the terms of the stipulation, and was only concerned that $1500 may not sufficiently cover her medical bills which were not covered under her medical insurance.

Appellant has not shown that the trial court erred in denying her motion to vacate the stipulation.

## II.

This court may set aside a divorce judgment and decree under circumstances which amount to fraud on the court and administration of justice. *See Lindsey v. Lindsey,* 388 N.W.2d 713, 716 (Minn.1986). A finding of fraud upon the court and the administration of justice must be made under the peculiar facts of each case. *Id.*

Appellant argues that for the administration of justice, the judgment should be set aside due to the inequitable property distribution. She specifically argues that the trial court improperly gave respondent credit for debts he incurred after the separation in the amount of approximately $10,-000. However, this amount appears to represent payments on joint debts and purchase of stock. Because the property settlement is within an equitable range, it will not be disturbed.

■ Appellant next argues that her mental condition rendered the judgment and decree a fraud on the court. In *Lindsey,* 388 N.W.2d 713, the woman had severe mental illness and was a manic depressive. The trial court had modified the judgment because the woman received only $12,500 as a lien on the homestead even though the value of the home had increased to $107,-000. The supreme court found sufficient evidence of fraud on the court and the administration of justice to warrant setting aside the judgment where the woman:

> clearly lacked the capacity to validly enter into a stipulated dissolution decree. Her mental and emotional condition at the time of the dissolution precluded her from being able to fairly and reasonably understand the matters under consideration.

*Id.* at 716 (citation omitted). In this case, appellant's mental condition is not as severe as was the woman's in *Lindsey.* Although appellant does suffer from depression, both she and her psychologist state that she is able to comprehend information.

■ Appellant also claims that fraud upon the court was committed when respondent did not disclose his 1987 bonus, which he received in June 1987. This court has stated that:

> Facts alleged to constitute fraud on the court must be evaluated by trial courts on a case by case basis. A breach of the duty to disclose, depending on the extent of the failure, amount of property involved, seriousness, and willfulness may support allegations of fraud serious enough to justify setting aside a judgment.

*Adams v. Adams,* 393 N.W.2d 508, 510 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 19, 1986). In *Adams,* this court held that the husband's nondisclosure of numerous stock holdings and dividend income totaling more than $33,000 was not fraud upon the court. We therefore refused to vacate the judgment and stipulation even though the wife did not fully understand the agreement due to her psychological problems.

Respondent's actions in this case do not amount to fraud. Respondent has disclosed his net bonuses from 1979–1986. Respondent said he expected to receive a bonus in June, but was not asked to esti-

mate the expected amount. The trial court did not abuse its discretion in finding no fraud on the court in regard to respondent's 1987 bonus.

■ Nevertheless, we believe that the bonus is a marital asset which should have been divided by the trial court. Characterization of property as either marital or nonmarital is a question of law upon which we exercise independent judgment. *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 175 (Minn.Ct.App.1984).

In *Janssen v. Janssen*, 331 N.W.2d 752, 754 (Minn.1983), the supreme court held that a nonvested, unmatured pension constituted marital property in Minnesota, because it is "more than a mere expectancy— it becomes a chose in action, a contractual right: a property interest." (emphasis deleted). Following *Janssen*, this court held that stock options given as part of an employment agreement, but subject to forfeiture if employment terminated before the exercisable dates, were marital assets. *Salstrom v. Salstrom*, 404 N.W.2d 848, 850–51 (Minn.Ct.App.1987). Respondent's bonus in this case was similarly subject to forfeiture if he terminated his employment with the company prior to March 1987. In February 1987, at the time the judgment was entered, respondent had more than an expectancy to his bonus; he had a property interest. Because we conclude that the bonus is a marital asset, it should have been included in the property settlement, and apportioned between the parties. *See id.* at 851.

We recognize that it would have been more appropriate if appellant had brought a motion to the district court for modification to include any property of value not specified in the decree. *See Steele v. Steele*, 304 N.W.2d 34, 35 (Minn.1981). On remand, the trial court should consider it as such. Appellant may only be entitled to half of the value of the bonus earned prior to entry of judgment; the percentage of the bonus earned after the dissolution would be nonmarital property. *See Salstrom*, 404 N.W.2d at 851–52.

## DECISION

The trial court did not abuse its discretion in refusing to vacate the stipulation. The trial court did not abuse its discretion by not vacating the judgment for fraud on the court, but it should have modified the judgment to include the 1987 bonus which was not specified in the decree. We therefore remand to the trial court to divide respondent's 1987 bonus as a marital asset, which was excluded from the property settlement.

Affirmed in part, reversed in part and remanded.