Sandra K. SHIRK, Petitioner,
Respondent,

v.

Glen M. SHIRK, Appellant.

No. C2–95–2563.

Court of Appeals of Minnesota.

July 16, 1996.

---

Jill I. Frieders, O'Brien, Ehrick, Wolf, Deaner & Maus, L.L.P., Rochester, for Respondent.

Mary Alice C. Richardson, Richardson Law Office, Rochester, Sharon L. Buffington, Buffington Law Office, Stillwater, for Appellant.

Before DAVIES, P.J., HARTEN and WILLIS, JJ.

## OPINION

DAVIES, Judge.

The district court, finding that attorney misconduct caused incompetent representation by respondent wife's attorney, vacated the financial portions of a dissolution judgment. We affirm.

## FACTS

Respondent Sandra Shirk, represented by attorney John Mulcahey, filed a petition to dissolve her 29–year marriage to appellant Glen Shirk. In the April 1994 petition, she requested temporary and permanent maintenance. In June, respondent moved for temporary maintenance. A hearing was scheduled for August.

The parties, through their attorneys, agreed to conduct informal discovery. In July, the parties reached a stipulated settlement, which essentially divided the marital property equally and awarded no maintenance. The district court entered an order for judgment, incorporating the stipulation, and judgment was entered.

In March 1995, attorney Jill Frieders began representing respondent and, in June, moved for temporary maintenance and to vacate the property division. Respondent alleged that: (1) appellant had committed

fraud by underreporting income; (2) appellant had committed fraud by concealing the value of an asset; and (3) her own attorney, John Mulcahey, had been negligent and committed misconduct. The district court rejected the first two allegations, finding that appellant did not commit fraud. The court also ruled that Mulcahey was not negligent as to his failure to conduct formal discovery, but found that he had committed attorney misconduct.

The alleged misconduct was that Mulcahey, because of his financial condition: settled respondent's case quickly, abandoned the maintenance claim, and allegedly "pursued a sexual relationship" with respondent during his representation, thereby impairing her judgment and leading her to defer to his decisions.

Mulcahey submitted a hedged affidavit generally denying that he had had a sexual relationship with respondent, but the district court found the affidavit unpersuasive; it found that "a sexual relationship did take place." It also found that Mulcahey's financial needs improperly motivated his handling of the case. Concluding that Mulcahey had not provided competent representation, the district court vacated the dissolution judgment (except as to the portion dissolving the marriage itself).

## ISSUE

Did the district court abuse its discretion by vacating the judgment?

## ANALYSIS

Courts may set aside stipulations for fraud, duress or mistake. Upon appeal a trial court's determination whether or not to vacate a stipulation will not be disturbed in the absence of an abuse of discretion. *Pekarek v. Wilking,* 380 N.W.2d 161, 163 (Minn.App.1986) (quoting *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.App.1984) (citations omitted)). A district court's findings of fact are not to be set aside on appeal unless "clearly erroneous." Minn.R.Civ.P. 52.01.

■ A district court may reopen a dissolution judgment (except for the provisions dissolving the marriage itself) when an "order upon which it is based has been reversed or otherwise vacated * * *." Minn.Stat. § 518.145, subd. 2(5) (1994).

### I. Attorney Mulcahey's Misconduct

■ When considering a motion to set aside a stipulation, a primary factor for the district court is "whether the party was represented by competent counsel." *Pekarek*, 380 N.W.2d at 163 (citing *Tomscak*, 352 N.W.2d at 466). Minn.R.Prof.Conduct 1.8(k) states:

> A lawyer shall not have sexual relations with a current client unless a consensual sexual relationship existed between them when the lawyer-client relationship commenced.

■ The district court found that a sexual relationship took place between respondent and Mulcahey.[1] The court further found that Mulcahey, because of his own financial needs, rushed the case, failed to pursue a colorable claim for maintenance, and failed to conduct potentially important discovery of appellant's income. The district court concluded that the combined effect of these circumstances precluded a finding of competency of counsel. The record amply supports this conclusion.

■ We hold that, consistent with *Pekarek*, Mulcahey's incompetent representation is by itself a sufficient basis for vacating the stipulation.[2] *Cf. Maranda v. Maranda*, 449 N.W.2d 158, 166 (Minn.1989) (upholding vacation of stipulation for fraud on the court in part because of "considerable doubt" about counsel's competency). Because vacating the stipulation necessarily results in vacation of the order for judgment into which it was incorporated, vacating the judgment itself is proper under the express language of Minn. Stat. § 518.145, subd. 2(5).

We realize that appellant may be forced to renegotiate the maintenance issue and property settlement only because of the misconduct of respondent's attorney and not because substantive unfairness has been demonstrated. Mulcahey's conduct, though, compromised the entire proceeding, preventing us from allowing the stipulation and judgment to stand.

### II. Other Issues

Although our decision returns the proceeding to the discovery/negotiation stage, we find it appropriate to affirm the trial court's finding that appellant did not commit fraud. That conclusion was reached during Frieders' representation, so it is not under the cloud of Mulcahey's misconduct. It is also well supported by the record.

We similarly affirm the district court's finding that Mulcahey's failure to conduct formal discovery does not rise to the level of neglect justifying reopening of the judgment under Minn.Stat. § 518.145, subd. 2(1) (1994). As noted by the district court, informal discovery is preferred as an efficient and fair manner of handling dissolution cases. *See, e.g., Sanborn v. Sanborn*, 503 N.W.2d 499, 504 (Minn.App.1993) ("[i]f all [asset] information * * * must be scrutinized through discovery, then [stipulations] will neither expe-

---

1. It appears that this finding was based on the affidavits of respondent and attorney Mulcahey. Neither party requested a hearing. *See* Minn. R.Gen.Pract. 303.03(d) (absent "good cause" shown, motions in family court to be decided without hearing); *Straus v. Straus*, 254 Minn. 234, 235, 94 N.W.2d 679, 680 (1959) (fact questions presented by affidavit to be resolved by trial court).

A complaint filed by respondent against Mulcahey is still pending before the Minnesota Board of Professional Responsibility.

2. Appellant argues that a malpractice action or an ethics proceeding would be more proper forums for respondent's allegations against her attorney. We disagree, for although a malpractice action might be possible, respondent's motion to vacate is plainly authorized by Minn.Stat. § 518.145, subd. 2(5).

Appellant cites *Dorso Trailer Sales v. American Body & Trailer*, 482 N.W.2d 771, 773 n. 2 (Minn. 1992), for the proposition that the Minnesota Board of Professional Responsibility is the only proper tribunal for consideration of attorney misconduct. That may be true as to licensing sanctions, but an ethics investigation cannot provide a remedy to respondent, and *Pekarek* explicitly requires consideration of the competency of counsel's representation when deciding whether or not to vacate a stipulation. 380 N.W.2d at 163 (citing *Tomscak*, 352 N.W.2d at 466).

dite nor simplify litigation in dissolution cases"), *review denied* (Minn. Sept. 21, 1993).

## DECISION

The district court was within its discretion in finding incompetency of counsel because of Mulcahey's pursuit of a sexual relationship with respondent and the improper financial motivations that were found to have compromised his professional obligations to her. His incompetent representation is a proper basis to vacate the stipulation and resulting order for judgment, allowing, under Minn. Stat. § 518.145, subd. 2(5), vacation of the financial portions of the judgment.

**Affirmed.**